■ LORAINE P. LIEBMANN, Respondent, v. HERMAN LIEBMANN, Appellant.— Order entered on April 5, 1962, directing the examination of defendant husband, after trial, in aid of a pending reference on the amount of permanent alimony in a divorce action in which plaintiff had prevailed, unanimously reversed on the law and in the exercise of discretion, with $20 costs and disbursements to appellant, and the examination denied. The examination was directed as to defendant's earnings, expenses and assets from January 1, 1955 to date, as well as to the manner and standard of living maintained by the parties before May 24, 1955, the date when defendant admittedly abandoned plaintiff and their infant child. Plaintiff obtained a judgment of separation on April 11, 1957 which provides for the payment of $18,500 annually for the support of plaintiff and the child. Implicit in that award is a determination of the preseparation standard of living of the parties. No serious issue has been raised either as to the adequacy of the award heretofore made or as to defendant's ability to maintain that standard. This court in *Hunter* v. *Hunter* (10 A D 2d 291, mod. 10 A D 2d 937) fully discussed the governing considerations applicable to examinations before trial in matrimonial actions. The principles there enunciated apply with equal force to an examination after trial in aid of a reference. In fact, where a reference has been ordered the nature of the proceedings before a Referee provides

a wider latitude for pursuing the matter of a defendant's financial position than at a trial. Consequently, the right to an examination, under such circumstances, may be even more restricted than one before trial. Plaintiff has failed to show any special circumstances, as required by *Hunter* v. *Hunter* (*supra*), to warrant the granting of the examination. In fact, all of the circumstances point to the necessity for a denial of such relief. It was therefore an improvident exercise of discretion to grant plaintiff's motion. Defendant's plausible argument, that there was no necessity for a reference in this case, may not be considered by us since, in the absence of an appeal from the order of reference, that order is not presently before us and may not be reviewed. Concur — Breitel, J. P., Valente, Stevens, Steuer and Bergan, JJ.